UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDGAR MILTON THOMPSON,

  Plaintiff,

v.                  Case No. 25-1295-KHV-BGS

COMMERCE BANCSHARES INCORPORATED, et al.,

  Defendants.

## REPORT AND RECOMMENDATION
## FOR DISMISSAL OF COMPLAINT

Plaintiff Edgar Thompson filed this action *pro se*[1]. In conjunction with his federal court complaint (Doc. 1), Plaintiff filed a motion to proceed without prepayment of fees, which is a motion requesting leave for Plaintiff to proceed *in forma pauperis* ("IFP"). Doc. 3. After review of Plaintiff's complaint, however, the Court **recommends** to the District Court that Plaintiff's federal claims be **dismissed** for failure to state a claim upon which relief can be granted and **recommends** that the District Judge decline to exercise jurisdiction over any state-law claims and **dismiss those claims without prejudice**.

 I. **Standard of Review for IFP Complaints**

When a Plaintiff proceeds IFP, the court may screen the Complaint under 28 U.S.C. § 1915(e)(2). The court "shall dismiss" an in forma pauperis case "at any time if the court determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

---

[1] Plaintiff proceeds *pro se*. The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the *pro se* litigant. *Id.*, at 1110.

1

28 U.S.C. § 1915(e)(2).  "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests."  *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."  *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915(d) may be appropriate when "on the face of the complaint it clearly appears that the action is frivolous or malicious."  *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Henriksen v. Bentley*, 644 F.2d 852, 854 (10th Cir.1981)).

In addition, the court also has an obligation to ensure it has subject matter jurisdiction to hear and resolve the action.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The court may raise the issue *sua sponte*.  *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).  Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when authorized. *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *3 (D. Kan. Sept. 29, 2010), *aff'd*, 420 F. App'x 854 (10th Cir. 2011).  When it becomes apparent that subject matter jurisdiction is lacking, the court must dismiss the case regardless of the stage of the proceeding.  *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016).  The court has a duty to raise and resolve issues of subject matter jurisdiction, even if no party has objected to the exercise of jurisdiction.  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006).  To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the court looks to the face of the complaint.  *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

A pro se Plaintiff's complaint must still "set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of

action." *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proven)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Id.* (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). *See also Bemis*, 500 F.3d at 1218 (stating that factual allegations in the complaint must establish "above the speculative level" that plaintiff is entitled to relief).

The Court's relaxed scrutiny of the pro se plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. A pro se plaintiff's pleading conclusory statements is insufficient to state a claim because no special legal training is required to "recount the facts surrounding his alleged injury[.]" *Id. See also Olson v. Carmack*, 641 Fed. App'x. 822, 825 (10th Cir. 2016). If this Court finds, after construing the allegations in Plaintiff's complaint liberally, that Plaintiff has failed to state a claim upon which relief may be granted, the court is compelled to recommend that the action be dismissed.

II.  **Plaintiff's Claims and Factual Allegations**

Most of the following facts come from Plaintiff's Complaint and attached exhibits. *See generally* Docs. 1, 5. For § 1915 screening purposes, the Court accepts the Plaintiff's allegations as true and construes all reasonable inferences drawn from those allegations in the light most favorable to the Plaintiff. *See Kay*, 500 F.3d at 1217-18.

On December 23, 2025, pro se Plaintiff Edgar Thompson initiated this action by filing a civil complaint using the Court's standard form. Doc. 1. Numerous exhibits were filed in support of the complaint. *See* Doc. 5. The complaint alleges that Defendants Commerce Bancshares Incorporated, First American Title, and HomEq Servicing engaged in fraud and constitutional violations in

3

connection with a residential mortgage loan on Plaintiff's home in Wichita, Kansas. The complaint seeks injunctive and declaratory relief, as well as monetary damages.

According to the complaint and its attached exhibits, Plaintiff obtained a residential mortgage loan for his home in March 2005. The exhibits include a disclosure form titled "Notice to Customer Required by Law and Federal Reserve Regulation Z," which reflects a loan amount of $10,000, an amount financed of $9,481.12, monthly payments of $102.78, and a balloon payment due in April 2020. Based on these terms, Plaintiff alleges that the mortgage should have been fully paid off by April 1, 2020, and that any continued assertion of indebtedness after that date is fraudulent. In his motion for a temporary restraining order, he also attached a Truth in Lending Act disclosure dated March 11, 2005, issued by Meritage Mortgage Corporation which reflects the original loan amount, payment schedule, and a balloon payment due in April 2020.[2] Plaintiff further alleges that, at some point after the loan was executed, servicing of the mortgage was transferred to Commerce Bank without his knowledge or consent.

The exhibits also reflect that, notwithstanding Plaintiff's belief that the loan had been satisfied, Defendants continued to treat the loan as active. Plaintiff attaches a Mortgage Default Notice dated November 25, 2025, issued by Commerce Bank Mortgage, which states that Plaintiff was in default on the loan in the amount of $13,902.49 and that failure to cure the default by December 25, 2025, could result in acceleration of the debt and foreclosure proceedings. The notice further advised Plaintiff of his right to contest the default or reinstate the loan prior to a foreclosure sale. Plaintiff disputes the validity of the default notice and asserts that any claimed delinquency is the product of fraud rather than missed payments. In support, Plaintiff attaches county tax records reflecting that he has continued to pay real estate taxes on the property over an extended period. Those records show recurring tax payments from at least 2005 through 2024. Plaintiff contends that

---

[2] The District Judge denied as moot the motion for a temporary restraining order on January 5, 2026.

his continued possession of the property and payment of taxes demonstrate his ownership interest and undermine Defendants' claims of default.

Beginning in 2025, Plaintiff sent a series of written communications to Commerce Bank Mortgage and its representatives asserting what he characterizes as "partial claims" and demands for correction of the loan account. In those submissions, Plaintiff alleged that Defendants' conduct amounted to constitutional violations, housing discrimination, and racially motivated misconduct. He asserted that the original mortgage amount, payment history, and payoff date conclusively established that the loan obligation had been satisfied and that any further enforcement activity was unlawful. Plaintiff also submitted complaints to federal agencies, including the United States Department of Justice and the Department of Housing and Urban Development, alleging housing discrimination and civil-rights violations arising from Defendants' handling of his mortgage. The exhibits include confirmation pages indicating that those complaints were received, but do not reflect that any agency made findings or took enforcement action on Plaintiff's behalf.

Plaintiff characterizes Defendants' actions as part of an ongoing scheme designed to prevent him from fully owning his home. He alleges that Defendants' continued assertion of a mortgage balance, issuance of default notices, and pursuit of enforcement remedies deprive him of property without due process of law. He goes on to contend that Defendants engaged in improper accounting practices, misstated loan balances, and manipulated payment calculations to prevent him from satisfying the mortgage obligation. He asserts that these actions constitute "continual criminal fraud" and violate federal criminal statutes, including 18 U.S.C. § 1010, as well as his constitutional right to due process. Plaintiff requests that the Court enter restraining and injunctive relief preventing foreclosure activity and declare that his mortgage has been paid in full. He further seeks compensatory and punitive damages based on the alleged fraud and constitutional violations.

For the reasons stated below, the undersigned Magistrate Judge **recommends** that Plaintiff's claims be **dismissed**.

## III. Analysis

As an initial matter, the Court notes that Plaintiff does not clearly identify discrete causes of action, but instead makes generalized references to various federal statutes, constitutional provisions, and common-law theories. Construed liberally, the complaint appears to assert claims sounding in fraud, due process violations, and other claims arising from the mortgage transaction and subsequent enforcement efforts. Because the complaint lacks clarity as to the precise legal bases for relief, the Court addresses the claims by category. First, the Court explains why Plaintiff's purported federal claims fail to state a claim upon which relief may be granted. The Court then addresses Plaintiff's remaining state-law claims and explains why it should decline to exercise supplemental jurisdiction over those claims.

### a. Plaintiff's Federal Claims

Plaintiff purports to invoke federal jurisdiction by referencing various federal statutes and constitutional provisions, including claims framed as fraud and due process violations. Although the complaint does not clearly articulate the elements of any specific federal cause of action, it does mention the Fifth and Fourteenth Amendment as a basis for jurisdiction. For purposes of this Report and Recommendation, the Court construes the complaint as attempting to assert a due process claim under the Fifth and Fourteenth Amendment.[3]

---

[3] In his complaint, Plaintiff alleges criminal fraud and cites to 18 U.S.C. § 1010. He also attempts to invoke that statute as a basis of jurisdiction. Criminal statutes do not provide for a private right of action and are unenforceable through a civil action. *Andrews v. Heaton*, 483 F.3d 1070, 1076-77 (10th Cir. 2007) (affirming dismissal of plaintiff's lawsuit alleging violations of various criminal statutes). To the extent Plaintiff is attempting to enforce criminal statutes, the undersigned **recommends** those claims be **dismissed** because they do not provide a civil cause of action. *Id.*

Due process violations under the Fifth and Fourteenth Amendments require a defendant to be a state actor. *Smith v. Kitchen*, 156 F.3d 1025, 1028 (10th Cir. 1997) (stating that due process claims under the Fifth Amendment do not apply to private actors); *Gray v. Univ. of Colorado Hosp. Auth.*, 672 F.3d 909, 927-28 (10th Cir. 2012) (stating same as to Fourteenth Amendment). The Fifth Amendment applies to actions by the federal government, while the Fourteenth Amendment applies to actions by state governments. In either context, a private party is subject to constitutional due process requirements only if its conduct can fairly be attributed to the government—that is, if the private party may be deemed a "state actor." *Smith*, 156 F.3d at 1028.

Here, the complaint does not allege facts suggesting that any Defendant's conduct is attributable to either the federal or a state government. All Defendants are private financial institutions or private actors, and nothing in the pleadings supports treating them as state actors under any recognized test. *See Gilmore v. Salt Lake Cmty. Action Program*, 710 F.2d 632, 635–36 (10th Cir. 1983) (applying the state action tests to find no federal action). Moreover, the complaint does not allege that Plaintiff was denied notice or an opportunity to be heard; rather, the allegations reflect a dispute with private entities over a mortgage transaction. Therefore, Plaintiff's federal causes of action fail, and the undersigned recommends that they be dismissed for failure to state a claim upon which relief may be granted.

### b. Plaintiff's State Law Claims

In addition to his federal claims, Plaintiff appears to assert various claims arising under state law, including claims for fraud and breach of contract. Because all federal claims are subject to dismissal at the screening stage, the Court must determine whether to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.[4]

---

[4] The Court does not appear to have diversity jurisdiction because the amount in controversy is less than $75,000. *See* 28 U.S.C. § 1332(a) (stating that federal courts have jurisdiction between citizens of different states when the amount in controversy exceeds $75,000). The amount in controversy requirement is an

Under 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over state-law claims that are part of the same case or controversy as claims over which it has original jurisdiction. However, § 1367(c) permits a court to decline to exercise supplemental jurisdiction where, among other circumstances, it has dismissed all claims over which it has original jurisdiction. In deciding whether to retain or decline jurisdiction over remaining state-law claims, the court considers the interests of judicial economy, convenience, and fairness. *Tufaro v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, 107 F.4th 1121, 1141 (10th Cir. 2024). When federal claims are dismissed at an early stage of the proceedings, these factors ordinarily weigh in favor of declining supplemental jurisdiction and dismissing the state-law claims without prejudice. *Johnston v. Prairie View, Inc.*, No. 2:19-CV-02041-HLT, 2020 WL 2025499, at *10 (D. Kan. Apr. 27, 2020).

Here, Plaintiff's federal claims are subject to dismissal at the screening stage, and therefore, the Court should decline to exercise jurisdiction over any remaining state law claims. Federal district courts are not courts of general mortgage supervision. Plaintiff is effectively asking the federal court to adjudicate the correctness of a loan payoff dispute, declare the mortgage satisfied, and enjoin a lender from exercising contractual remedies. None of which warrant federal intervention. Moreover, Plaintiff's federal claims are facing dismissal at an early stage of the proceedings which favors declining supplemental jurisdiction. *See Johnston*, 2020 WL 2025499, at *10. Therefore, the undersigned Magistrate Judge **recommends** that the Court decline to exercise supplemental jurisdiction over his state law claims under § 1367(c).

---

estimate of the amount that will be put at issue in the course of the litigation. *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). Here, Plaintiff's own exhibits demonstrate that he is in default in the amount of $13,902. According to his complaint, his original home mortgage was $9,481.12. There appear to be no other monetary damages claimed anywhere in the complaint. Moreover, most of the relief sought is injunctive and declaratory in nature. Thus, the Court does not have diversity jurisdiction over the state law claims. Even if the Court were inclined to consider his state-law claims, assertions of fraud must be pleaded with particularity, and Plaintiff's complaint falls well short of that standard. *See* Fed. R. Civ. P. 9(b)

For the reasons explained above, the undersigned Magistrate Judge **recommends** that the District Judge **dismiss** Plaintiff's federal claims under 28 U.S.C. § 1915 (e)(2)(B)(ii) because Plaintiff's federal claims do not state a viable cause of action, and the Court should decline to exercise jurisdiction over his state law claims and **dismiss those claims without prejudice** for lack of jurisdiction.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's complaint (Doc. 1) be **DISMISSED** for failure to state a claim.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed R. Civ. P. 72, and D. Kan, Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**IT IS SO RECOMMENDED.**

Dated January 12, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge